SIMON O. LANDRY, Judge ad hoc.
The plaintiffs, Mrs. Ruby Cuevas, wife of, and Eidridge H. Lohman, are the parents of the minor, Aaron Lohman, who died on February 3, 1957, from injuries he received when the wheel of the car driven by the minor, Terry LaRose, passed over his body. They bring this action to recover the amount of $60,836.29 from Emmett J. La-Rose, Terry’s father, with whom the minor was living, and Employers’ Liability Assurance Corp., Ltd., the public liability insurer of Mr. LaRose.
The plaintiffs base their action on the negligence of young LaRose in starting the car and leaving Aaron, the deceased, standing by the side of ■ the street, in a manner that led Aaron to believe that he was being *138 left behind. They charge that this caused Aaron to run after the car, and when he caught up with it, to jump on its right front fender. They further charge that after Aaron jumped to the fender, LaRose brought the car to an abrupt stop and caused Aaron to be thrown to the ground in front of the car, and then accelerated it and passed over Aaron’s body, hooking it to the under portion of the car and dragging it some 45 feet.
The defendants denied that young LaRose was negligent. They pleaded that the accident was caused solely by the negligence of the decedent, Aaron Lohman, in jumping, without warning, on the fender of the moving car and in falling therefrom.
Alternatively, they plead that these acts of negligence amount to contributory negligence and bar plaintiffs’ right of recovery.
Also in the alternative, they plead the deceased had the last clear chance of avoiding the accident but failed to avail himself of it.
The evidence shows that on the night of February 2, 1957, Terry LaRose, Aaron Lohman, Fred Dummet, Jr., and Frank Speyerer, all young boys between 16 and 18 years of age, went to a basketball game in the Loyola Field House in Mr. Emmett J. LaRose’s Pontiac automobile. His son, Terry LaRose, was driving it. After the game, and on their way home, about 11:00 p. m., they stopped on St. Bernard Avenue near its intersection with Killdeer Street, in the City of New Orleans, and LaRose and Lohman alighted. They had been riding on the front seat. The two other boys were occupying the rear seat. They remained in the car.
LaRose returned to the car first. Lohman discovered that he had been standing in a nest of ants and that the ants were crawling up his legs. He took his pants off. While that was going on, LaRose started up the car and slowly made a “U” turn at the intersection near which they had stopped. The car was then headed toward the lake, the direction they would go to return home. Lohman ran after the car, caught up with it on its right side and jumped on its right fender over the headlight. He was there only momentarily, estimated by the witnesses to be from two to three seconds, then he fell off, evidently in the path of the right front wheel, for the occupants of the car felt the wheel roll over his body. LaRose immediately stopped the car, and after he did they found Lohman’s body against the front of the right rear wheel. He was apparently unconscious. He died at Charity Hospital about three hours later. There is no dispute that he died from the injuries that he thus received.
The only eyewitnesses to the incident were the occupants of the car. All of them testified. Dummet and Speyerer appeared for the plaintiffs and LaRose was presented by the defendants. There is very little variation between their versions of what occurred. They all agree that LaRose was driving very slowly, between three and five miles per hour, and that he did not come to an abrupt stop nor did he suddenly accelerate his car as the plaintiffs claim. The witnesses say that Lohman suddenly appeared on the side of the car and jumped on the right fender without giving a warning that he was about to do so.
LaRose testified that when this occurred he took his foot off the accelerator and proceeded to come to a gradual stop, but before he could stop Lohman fell. He then pressed harder on the brakes and came to a more sudden stop. His testimony is not contradicted by the other two witnesses. In fact, it can be said that his testimony is corroborated by the other witnesses. The boys on the back seat were not in a position to see LaRose maneuver the pedals, but they could feel the result. They said that when Loh-man fell, LaRose immediately applied his brakes.
The physical facts also show that he did, and that he was driving very slowly, because he stopped his car before the rear wheel passed over Lohman’s body. There is no *139 evidence that the body was dragged by the car, as alleged.
The trial court evidently concluded that the plaintiffs had failed to show that LaRose was guilty of actionable negligence, because it rendered a judgment in favor of the defendants. We must agree with that conclusion.
The judgment is therefore affirmed.
Affirmed.